IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| JOHN D. BRADLEY, JR., | : | BANKRUPTCY NO.: 5:12-bk-03741-JJT |
| | : | |
| DEBTOR | : | |

***

| | | |
|---|---|---|
| JOHN D. BRADLEY, JR., | : | |
| PLAINTIFF | : | |
| vs. | : | |
| ONEWEST BANK, a National Banking | : | |
| Association, | : | |
| and | : | |
| PHELAN HALLINAN & SCHMEIG, LLP, | : | |
| a Limited Liability Company, | : | |
| DEFENDANTS | : | ADVERSARY NO.: 5:13-ap-00045-JJT |

***

| | | |
|---|---|---|
| JOHN D. BRADLEY, JR., | : | |
| PLAINTIFF | : | |
| vs. | : | |
| BANK OF AMERICA N.A.; | : | |
| BAC HOME LOANS SERVICING LP; | : | |
| NATIONSTAR MORTGAGE LLC, | : | |
| DEFENDANTS | : | ADVERSARY NO.: 5:13-ap-00247-JJT |

***

| | | |
|---|---|---|
| JOHN D. BRADLEY, JR., | : | |
| PLAINTIFF | : | |
| vs. | : | |
| ONEWEST BANK FSB, | : | |
| DEFENDANT | : | ADVERSARY NO.: 5:14-ap-00050 |
| | : | *f/k/a 5:12-ap-03741-JJT* |

***

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | : | |
| PLAINTIFF | : | |
| vs. | : | |
| JOHN D. BRADLEY, JR., | : | |
| DEFENDANT | : | ADVERSARY NO.: 5:13-ap-00274-JJT |

# **OPINION**

The Debtor, John Bradley, has filed four separate actions which are now before the Court.

By way of background, Mr. Bradley is an unrepresented individual who filed Chapter 7

bankruptcy on June 25, 2012. He received his Discharge on September 17, 2013. During the pendency of that bankruptcy, he initiated the following actions:

1. Litigation filed to Adversary No. 5:13-ap-00045 against OneWest Bank and Phelan Hallinan & Schmeig, LLP, which includes multiple counts.

2. Litigation against Bank of America, N.A., et al., filed to Adversary No. 5:13-ap-00247 seeking to determine the validity of lien, etc.

3. Action filed to Adversary No. 5:14-ap-00050, *f/k/a 5:12-ap-03741*, removing a foreclosure action currently before the Court of Common Pleas of Monroe County, Pennsylvania.

4. Action filed to Adversary No. 5:13-ap-00274 removing a foreclosure action currently before the Court of Common Pleas, County of Dorchester County, State of South Carolina.

## Adversary No. 5:13-ap-00045

The Debtor's Complaint in this case was initiated against OneWest Bank and the law firm that represented it in state Court. I earlier disposed of Motions to Dismiss filed by the Defendants by granting those Motions as to all but the first Count of the Complaint. A Motion to Reconsider (Doc. #17) has been filed by Phelan Hallinan & Schmeig, LLP, arguing that there was a typographical misstatement in the dispositive Order and that the Count that survived did not pertain to their law firm since they have made no claim that they are a lien holder. Both those arguments are well-taken, and I will grant its Motion for the reasons articulated in its supporting brief. This will eliminate that Defendant from the Complaint and leave only OneWest as a Defendant.

Bradley's Motion to Strike the Answer (Doc. #22) is denied as moot inasmuch I am

dismissing the Complaint as to Phelan Hallinan & Schmeig, LLP.

An Answer to the Complaint (Doc. #21) has been filed by OneWest which has generated a Motion to Strike (Doc. #23) and a Motion for Summary Judgment (Doc. #31) by the Plaintiff. The Motion to Strike is without merit and is denied. A Motion for Summary Judgment is appropriate where the material facts are not at issue. I need only look as far as paragraph 4 of the Plaintiff's Complaint and the Answer thereto to conclude that, indeed, there is a material fact in issue. The Plaintiff alleges that he "has legal and equitable title to the subject property void of any encumbrances." The Defendant, the alleged mortgagee, denies that allegation. Such a fact is material to the outcome and is in dispute. For that reason, the Motion for Summary Judgment must be denied.

## Adversary No. 5:13-ap-00247

In this Adversary, the Debtor is litigating against Bank of America, N.A. (BANA); BAC Home Loans Servicing, LP; and Nationstar Mortgage, LLC, Defendants. He appears to be asking this Court to determine the validity, priority, or extent of a lien pursuant to Federal Rule of Bankruptcy Procedure 7001(2). He does this in a 37 paragraph, three-Count Complaint. The gist of the Complaint alleges that the Debtor borrowed money to secure housing in South Carolina. He alleges that the original lender sold these loans "into securitization." He now challenges the standing of BANA to make demand on the original obligation. Nationstar is named as a Defendant because of an alleged assignment from BAC, an entity whose name appears on an assignment document

Count I asks me to determine the status of any obligation owing the Defendants.

Count II is admittedly ambiguous since it asks for injunctive relief but doesn't explain what activity should be enjoined.

Count III asks for declaratory relief that I make specific findings as to the relationships and obligations of the Defendants, or some of them, regarding the mortgaged premises. Many of these proposed findings may be essential to resolve Count I.

In response to this Complaint, Nationstar Mortgage has filed a Motion to Dismiss under Federal Rule of Bankruptcy Procedure 7012 (Doc. #6) supported by a general reliance on the seminal case of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 127 S.Ct. 1955 (2007). It suggests that the attachments to Debtor's Complaint are sufficient to demonstrate that Debtor has no cause of action. While the Debtor attaches documents identified as a Note and two Assignments of Mortgage, he alleges the Note is "forged" and the Assignments fraudulent. The Debtor in his Complaint alleges that he is the owner of real property and that the Defendants, or some of them, are claiming a secured interest in that property, which he disputes, because he believes the Defendants' interest is not properly documented.

> The Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. *Id.* This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Id.*

*Phillips v. County of Allegheny* 515 F.3d 224, 234 (3rd Cir. 2008).

In this case, the Debtor claims to have a property interest in real property allegedly encumbered by Defendants (or which have a mortgage serviced by the Defendants). He claims that the documents upon which the Defendants base their authority are fraudulent. I am satisfied that the factual allegations of this Complaint raise the right to relief beyond "the speculative level." The documentation is either enforceable or it is not.

Although I will dismiss Count II for reasons as aforesaid, I will deny the dismissal Motion as to the other Counts.

## Adversary No. 5:14-ap-00050 *f/k/a 5:12-ap-03741*

## Removal of Monroe County, Pennsylvania Action

This is a foreclosure action initiated on August 25, 2009 in the Court of Common Pleas of Monroe County, Pennsylvania, by OneWest Bank FSB. The automatic stay terminated as to the Debtor on the date of Discharge, September 17, 2013. The automatic stay terminated as to the estate on October 17, 2013, when an Order for relief from the automatic stay was entered. The matter was removed to this Court on October 18, 2013. On November 18, 2013, a Motion for Remand was filed by OneWest Bank, (misfiled to Adversary No. 5:13-ap-00045 at Doc. #29 but procedurally corrected by Order of Court and now on docket 5:14-ap-00050 at Doc. #3). The remand motion has been opposed by the Debtor. The Memorandum in Support of Remand alludes to an entry of final judgment against the Debtor prior to the Debtor's bankruptcy. The Debtor's response disputes that conclusion and suggests "defendant OneWest's foreclosure was not in the least bit completed . . . ." (Doc. #4 at ¶5). Removal requires the pendency of the removed action. A review of the documents filed in the Monroe County action appears to indicate that a final order has been entered. Entry of May 3, 2010. Motions filed after the expiration of the time period to appeal the default judgment in foreclosure, I suppose, could be the subject matter of a removed action. Frankly, there appears to be a strong equitable argument why the remaining items in this litigation should be returned to the Court that has entered judgment. On a more compelling note, despite the fact that the underlying state court litigation has been removed, this Court is still free to apply the provisions of 28 U.S.C. § 1334(c), abstention, to the issue at hand. *Stoe v. Flaherty*, 436 F.3d 209, 216 (3rd Cir. 2006).

28 U.S.C. § 1334(c)(2) provides:

> In "non-core" proceedings, courts must abstain from hearing a claim if (1) the proceeding is based upon state law causes of action; (2) the causes of action are "related to" a case under title 11, but do not "arise under" title 11 or "arise in" a

case under title 11; (3) federal courts would not have jurisdiction absent its relation to a bankruptcy case; (4) an action is "commenced" in a state forum of appropriate jurisdiction; and (5) the action can be timely adjudicated in the state forum." (citation omitted).

I am satisfied that all the elements of the provisions of mandatory abstention are present in the matter removed leaving me little choice but to remand the action back to the Monroe County Court.

### Adversary No. 5:13-ap-00274

### Removal of South Carolina Action

This foreclosure action appears to have been initiated on October 7, 2011. It names Bank of America, N.A. as Plaintiff and John Bradley, Jr. and Homeowner's Association of Pepperidge as Defendants. The Complaint was pending at the time of Debtor's bankruptcy filing. On August 2, 2012, Bank of America filed a Motion for Relief from the Automatic Stay against the Debtor and his Trustee, John Martin. On September 27, 2012, relief was granted as to the Trustee and denied as to John Bradley. The automatic stay would have been in effect regarding John Bradley until his Discharge on September 17, 2013, pursuant to 11 U.S.C. § 362(c)(2)(C). On November 6, 2013, Debtor removed the South Carolina case to this Court. A request to remand has been filed by Bank of America.

The rules governing removal are set forth in Federal Rule of Bankruptcy Procedure 9027. That Rule requires removal to be to the federal court in the district or division where the action is pending. Federal Rule of Bankruptcy Procedure 9027(a)(1). That would be the District of South Carolina. I have no choice but to remand this case.

Having said that, I note that the litigation was pending at the time of Debtor's bankruptcy filing, and this removal should have occurred within 30 days after the stay terminated. Since the

stay terminated on September 17, 2013, I calculate that this Motion was filed late. Federal Rule of Bankruptcy Procedure 9027(a)(2).

Just as in the other removed action, I note that the underlying factual circumstances appear to suggest that the elements of mandatory abstention of the Federal Court is indicated under 28 U.S.C. § 1334(c)(2).

My Orders will follow.

By the Court,

Date: March 6, 2014

John J. Thomas, Bankruptcy Judge
(CMS)